(58 Misc. Rep. 517.)

PEOPLE ex rel. COMMISSIONER OF PUBLIC CHARITIES v. CLAIR-MONT.

(Court of General Sessions, New York County.  March, 1908.)

1. PARENT AND CHILD—ABANDONMENT OF CHILDREN—WARRANT OF SEIZURE.

A warrant of seizure under Code Cr. Proc. § 921, providing for a proceeding against parents leaving their children chargeable to the public, when issued against a parent who is alleged to have absconded, cannot be affirmed, where the offense, if any, was committed in another state.

2. SAME—NONRESIDENT DEFENDANT.

A warrant of seizure under Code Cr. Proc. § 921, against a father who has abandoned his children, cannot be maintained where the father is a nonresident, and no process has been issued and he has received no notice of the proceeding.

Application by the people, on the relation of the commissioner of public charities, on behalf of Emma Clairmont, to confirm a warrant of seizure under Code Cr. Proc. § 921, against Samuel E. Clairmont.

Herman Stiefel, Asst. Corp. Counsel, for complainant.

CRAIN, J.  This is an application made under section 923 of the Code of Criminal Procedure to confirm a warrant of seizure issued pursuant to section 921 of that Code.

It appears from the oral evidence taken upon such application in this court, and from certain papers submitted, that one Emma Clairmont, the complainant, now a resident of 784 Elton avenue, in the borough of the Bronx, New York county, and who has resided there for about five months last past, was married in New York City on the 30th of June, 1897, to one Samuel E. Clairmont, and that, as the result of that marriage, she has two children living, one aged nine and the other seven; that both of those children are living under her supervision in New York City and are dependent upon her for their support; that she and her husband last lived together in Roseville, N. J.; and that while living there and on the 30th of August, 1907, her husband left her. At that time Clairmont, who was an optician, had a store on Academy street, Newark, N. J.  Since that date the complaining witness has not seen or heard from her husband, and has no personal knowledge as to whether he is alive or dead.  Since that date, according to her testimony, he has not contributed to her support.  She testifies that she is poor; that she has no means of her own; that her children have no independent income; and that they are absolutely dependent upon her for their support.

It further appears from the evidence of one George T. McEnnany, of 226 West Sixteenth street, New York county, that he is an optician, having his place of business at 129 East Twenty-Third street; that he knows the defendant and the complainant; that he saw the defendant about four months ago when he came into the witness' store; that about July 1, 1905, he agreed to purchase the defendant's business for the sum of $4,000, $1,000 cash, and the balance payable installments; that the contract was in writing, and this contract was offered and received in evidence; that the witness had paid the defendant under the contract $2,400, and that the last installment under the contract be-

came payable in October, 1907; and that there is now due under the contract.$1,600, payable at the rate of $50 per month. It is the defendant's interest under this contract that has been seized.

It appears that on or about the 9th day of October, 1907, Robert W. Hebbard, as the commissioner of public charities, presented to the First Division, City Magistrate's Court, in the borough of Manhattan, First district, a verified petition, setting forth that he was commissioner of public charities of the city of New York, and, upon information and belief derived from an affidavit by Emma Clairmont, that Samuel E. Clairmont, the defendant, had abandoned his wife and children without adequate support, leaving them in danger of becoming a burden upon the public, in the month of August, 1907, and had absconded from his children and was residing in the Dominion of Canada; that Emma Clairmont and the children were residents of the city of New York and had applied to the department of public charities of the city of New York for support and maintenance. The petition then set forth the contract between McEnnany and the defendant Clairmont above referred to, and prayed for the issuance of a warrant of seizure under sections 921 and 922 of the Code of Criminal Procedure. The affidavit of Emma Clairmont referred to in the petition recited among other things that she was in delicate health and had been compelled to rely for support upon her relatives, and that her father, Dr. Louis C. Leroy, of 135 Lexington avenue, borough of Manhattan, had been supporting her children; that she was informed that her husband, the defendant, was living in Canada, and then set forth the contract above referred to.

Upon this verified petition and the accompanying affidavit it appears that on the 23d day of October, 1907, two city magistrates, namely, Hon. James J. Walsh and Hon. Charles G. H. Wahle, issued a warrant of seizure under the section of the Code of Criminal Procedure above referred to, whereby they purported to authorize the commissioner.of public charities to take and seize the goods, chattels, and effects of Samuel E. Clairmont, and more especially all the right, title, and interest of the said Clairmont in and to the contract above referred to, and all the moneys accruing therefrom, and to apply the same or so much thereof as should be necessary and sufficient to pay for the support and maintenance of Clairmont's wife and children, and directed the making of an inventory, and the return of the same with these proceedings to the Court of General Sessions of the Peace. It further appears that this warrant was executed by delivering a copy of the same to George T. McEnnany, and by causing an inventory of the property seized to be made. The offense, if one was committed, was committed in New Jersey, and not in New York county. The complainant, after the alleged offense, came with her children voluntarily into New York county. The defendant is not a resident of New York county, and is not within the jurisdiction. The right to take his property is predicated upon the contention that he has absconded and left his family in destitute circumstances, and seemingly he should have an opportunity to contest these allegations. No process has at any time been issued to bring him into court. He has received no notice of the proceedings. He has not voluntarily appeared. So far he has not had his day in court. To confirm this warrant under such circumstances would in

my judgment be to take the defendant's property without due process of law.

The application to confirm is, therefore, denied without prejudice to such new proceedings, if any, as the complainant may be advised to take.

Application denied, without prejudice to such new proceedings as complainant may be advised to take.